1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELSINA KILPATRICK,                    No.  2:15-cv-2233-GEB-KJN PS

12                    Plaintiff,

13        v.                               ORDER AND

14   WFRPSN,                               FINDINGS AND RECOMMENDATIONS

15

16                    Defendant.

17

18        Plaintiff Elsina Kilpatrick, who proceeds in this action without counsel, has requested

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Pursuant to 28

20   U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the

21   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

22   which relief may be granted, or seeks monetary relief against an immune defendant.

23        For the reasons discussed below, the court concludes that it lacks federal subject matter

24   jurisdiction over this action.  As such, the court recommends that the action be dismissed without

25   prejudice, and that plaintiff's application to proceed *in forma pauperis* in this court be denied as

26   moot.

27   _____

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                        1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff's complaint alleges that defendant West Florin Representative Payee Service & Nordhus, an entity that apparently disburses social benefits and other income for individuals deemed incapable of managing their own resources, abused its power in managing plaintiff's funds by allowing plaintiff's in-home support services ("IHSS") worker to receive a monthly check from plaintiff's funds despite the IHSS worker already being paid by the State of California.  Plaintiff contends that she was taken advantage of, and that defendant's actions constituted fraud and violated "trust law."  It is unclear specifically what relief plaintiff seeks, although it can be presumed that she seeks, at a minimum, recovery of any amounts alleged to have been improperly paid to the IHSS worker.  (See generally Complaint, ECF No. 1.)

Regardless of the merits of plaintiff's claims, on which the court expresses no opinion, the court plainly lacks subject matter jurisdiction over the action.  There is no federal question jurisdiction, because plaintiff's complaint fails to assert any federal claims; nor does it appear plausible that plaintiff could do so in this factual context.  Additionally, because plaintiff and defendant are both citizens of California, there is no diversity of citizenship jurisdiction.

Therefore, the court recommends that the action be dismissed for lack of subject matter jurisdiction.  However, such dismissal should be without prejudice, allowing plaintiff to pursue any potential state law claims she may have in state court.  The court expresses no opinion regarding the merits of any such potential state law claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The action be dismissed without prejudice for lack of subject matter jurisdiction.

2.  Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.

3.  The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  November 6, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3